IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **THE TRAVELERS INDEMNITY COMPANY,** | : | **No. 1:07-CV-00538** |
| | : | |
| **Plaintiff** | : | **JUDGE SYLVIA H. RAMBO** |
| | : | |
| **v.** | : | |
| | : | |
| **JOHN J. PAULINE, JR., and LEICHTMAN ICE CREAM CO., INC.,** | : | |
| | : | |
| **Defendant** | : | |

# M E M O R A N D U M

Before the court is Defendant John Pauline Jr.'s motion to dismiss the complaint for failure to join a party under Federal Rule of Civil Procedure 19. (Doc. 4.) Because the court concludes that the party sought for joinder is not a necessary party to this action, the motion will be denied.

## I.        Background

Pauline was involved in a motor vehicle accident on April 28, 2004. At the time of the accident, he was driving a vehicle owned by Defendant Leichtman Ice Cream Company ("Leichtman"). Leichtman held an automobile insurance policy covering its employees and vehicles issued by Plaintiff Travelers Indemnity Company ("Travelers"). The policy includes a provision for benefits in the event of an accident with an underinsured motorist. Pauline filed lawsuits arising out of the accident. Travelers avers that those lawsuits have settled. Subsequently, Pauline claimed underinsured motorist benefits from Travelers via the insurance policy held by Leichtman.

Travelers filed suit in this court on March 21, 2007.  (Doc. 1.)  It requests a declaratory judgment that the underinsured motorists benefits available to Defendant John Pauline under the insurance policy at issue are limited to $35,000, and other relief the court deems appropriate.  (Doc. 1 ¶ 19.)  Subject matter jurisdiction is alleged to be proper under 28 U.S.C. § 1332, diversity of citizenship. Defendants Pauline and Leichtman are citizens of Pennsylvania.  Plaintiff Travelers is a citizen of Connecticut.  The amount in controversy requirement is met here because although Travelers argues that its liability is limited to $35,000, the face of the complaint demonstrates that Pauline argues that he is entitled to $1 million. (Doc. 1 ¶ 15); *see* § 1332(a); *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 877 (3d Cir. 1995) ("The allegations on the face of the complaint control the amount in controversy unless it appears to a legal certainty the claim is really for less than the jurisdictional amount." (quotation omitted)).

Pauline argues that the complaint should be dismissed for failure to join a party under Federal Rule of Civil Procedure 19.  Fed. R. Civ. P. 12(b)(7).  He submits that the insurance broker who prepared the policy, First Federal, is an indispensable party to this action but its joinder would destroy complete diversity between Plaintiffs and Defendants.  (Doc. 4 ¶¶ 12-13.)  First Federal is incorporated in Pennsylvania and has its principal place of business in Pennsylvania, making it a citizen of the Commonwealth.[1]  (Doc. 4 ¶ 10.)  The motion has been fully briefed and is ripe for disposition.

---

[1] Pauline does not state whether First Federal should be joined as a Plaintiff or a Defendant. If joined as a Defendant, complete diversity would be preserved.  Thus, the court will proceed under the assumption that Pauline would have First Federal joined as a Plaintiff.  In that case, citizens of Pennsylvania would be both Plaintiff and Defendants and complete diversity would be destroyed, leaving this court without subject matter jurisdiction.

II.      **Legal Standard – Motion to Dismiss for Failure to Join a Party Under Rule 19**

A defendant may move to dismiss a complaint for a plaintiff's failure to join a party under Rule 19. Fed. R. Civ. P. 12(b)(7). Under Rule 19, a person (or entity) shall be joined as a party to the action if

> (1) in the person's absence complete relief cannot be accorded among those already parties, or
> (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may
> (i) as a practical matter impair or impede the person's ability to protect that interest or
> (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Fed. R. Civ. P. 19(a). If the person is not a necessary party under the provisions of Rule 19(a), "the inquiry need go no further" because the party need not be joined. *Bank of Am. Nat'l Trust & Savings Assoc. v. Hotel Rittenhouse Assocs.*, 844 F.2d 1050, 1054 (3d Cir. 1988). If, however, the person is necessary, but joinder is not feasible, the court must determine whether "the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable." Fed. R. Civ. P. 19(b); *Bank of Am.*, 844 F.2d at 1054. The court must consider

> [1] to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties;
> [2] the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided;
> [3] whether a judgment rendered in the person's absence will be adequate; [and]
> [4] whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Fed. R. Civ. P. 19(b).  The substantive law governing the merits of the action dictates whether a person is "indispensable" to the action.  *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 117 (1968).

## III.        Discussion

Taking the analysis in sequence, the court concludes that First Federal is not a necessary party under Rule 19(a).  First, complete relief can be accorded among those already parties to this case.  *See Angst v. Royal Maccabees Life Ins. Co.*, 77 F.3d 701, 705 (3d Cir. 1996) ("Completeness is determined on the basis of those persons who are already parties, and not as between a party and the absent person whose joinder is sought.").  The sole question presented in the complaint for declaratory judgment is the extent of Travelers's liability for underinsured motorist benefits.  The alleged malfeasance by First Federal as broker of that policy will not change the analysis of that question, contrary to Pauline's assertions.  *C.f. Inrecon, LLC v. Highlands Ins. Co.*, 284 F. Supp. 2d 773, 781 (E.D. Mich. 2003) (insurance broker uninvolved in the claim between the insurer and insured before the court).  Moreover, mere contemplated claims against the absent person by a defendant are not properly considered in determining necessary and indispensable parties to an action.  *Fireman's Fund Ins. Co. v. Allied Programs Corp.*, No. 92 Civ. 7505 (CSH), 1993 WL 481344, at *5 (S.D.N.Y. Nov. 17, 1993).

The second factor turns on whether the absent person "claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties

4

subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest." Fed. R. Civ. P. 19(a)(2).  An "interest" for purposes of Rule 19(a)(2) "must be legally protected, and must be more than a mere financial interest." *Coregis Ins. Co. v. Wheeler*, 180 F.R.D. 280, 283 (E.D. Pa. 1998).  First Federal does not have an interest in this action as it is currently styled.  Although Pauline uses the instant motion to allege wrongdoing by First Federal, the "two real contestants" in this declaratory judgment action are Travelers and Pauline.  *See Fidelity & Cas. Co. of N.Y. v. Tillman Corp.*, 112 F.3d 302, 304 (7th Cir. 1997).  Thus, First Federal does not have an interest to protect for purposes of Rule 19(a)(2)(i).  There is no indication that First Federal's continued absence will subject any of the current parties to a risk of incurring double, multiple, or otherwise inconsistent obligations under Rule 19(a)(2)(ii).  Pauline's anticipated claims against First Federal are, again, inapposite to this analysis.  Thus, First Federal is not a necessary party to this action.  Its joinder is not required, therefore this court's analysis need go no further.

## IV.   Conclusion

The motion to dismiss for failure to join a necessary party will be denied.  First Federal is not a necessary party in this action to determine the extent of Travelers's liability for underinsured motorist benefits that may be due Pauline.

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated:  August 8, 2007.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**THE TRAVELERS INDEMNITY COMPANY,**

                  **Plaintiff**

               **v.**

**JOHN J. PAULINE, JR., and LEICHTMAN ICE CREAM CO., INC.,**

               **Defendant**

:
:
:
:
:
:
:
:
:
:
:
:
:
:

**No. 1:07-CV-00538**

**JUDGE SYLVIA H. RAMBO**

# O R D E R

       In accordance with the foregoing memorandum of law, Defendant John Pauline's motion to dismiss for failure to join a party under Federal Rule of Civil Procedure 19 (Doc. 4), *see* Fed. R. Civ. P. 12(b)(7), is **DENIED**.  An order regarding the case management conference in this case is forthcoming.  During that conference, the parties shall also be prepared to discuss the issue raised in the status report filed by Plaintiff Travelers Indemnity Co. on May 9, 2007, regarding whether Defendant Leichtman Ice Cream Co. will be voluntarily dismissed from this action (Doc. 8).

                                       s/Sylvia H. Rambo
                                       SYLVIA H. RAMBO
                                       United States District Judge

Dated:  August 8, 2007.