IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **THE TRAVELERS INDEMNITY COMPANY,** | No. 1:07-CV-00538 |
| **Plaintiff** | **JUDGE SYLVIA H. RAMBO** |
| v. | |
| **JOHN J. PAULINE, JR., and LEICHTMAN ICE CREAM CO., INC.,** | |
| **Defendant** | |

# **M E M O R A N D U M**

Before the court are cross-motions for summary judgment in this declaratory judgment action. Plaintiff, The Travelers Indemnity Company ("Travelers"), seeks a ruling that the limit of underinsured motorist ("UIM") coverage in an automobile policy issued to Defendant Leichtman Ice Cream Co., Inc. ("Leichtman") is $35,000. Defendant John J Pauline, Jr., a former employee of Leichtman, submits that the limit of UIM coverage is $1 million. Because Leichtman executed a valid request for reduction of UIM benefits, the court concludes that the maximum UIM benefit under the policy is $35,000.

**I.      Background**

   **A.      Facts**

The undisputed facts are as follows. On or about February 23, 2004, Travelers issued a commercial automobile insurance policy to Leichtman. The limit of liability on the policy for bodily injury caused by one accident was $1 million. The policy included coverage for damages caused by underinsured motorists. The policy limit for UIM benefits was stated as $35,000. Pennsylvania law, however,

requires that the UIM coverage in an automobile policy be equal to the limit of bodily injury liability on the policy. *See* 75 Pa. Cons. Stat. Ann. § 1734. Because there had been no request from Leichtman to reduce or eliminate the UIM coverage, Travelers issued a new declarations page for the policy on March 15, 2004. It reflected that UIM coverage was capped at $1 million.

On April 2, 2004, Leichtman submitted a written request, on a form provided by Travelers, to reduce UIM coverage. The heading on the form states in bold "UNINSURED AND UNDERINSURED MOTORISTS COVERAGE." The heading is followed by text, which reads, in pertinent part, as follows:

> Underinsured Motorists coverage provides protection against bodily injury caused by a driver who has insurance, but the available liability limits are not enough to pay for your damages.
>
> Your automobile liability or motor vehicle liability policy shall <u>automatically</u> include . . . Underinsured Motorists coverage for damages for bodily injury which the insured may be entitled to recover from the owner or operator of an . . . underinsured motor vehicle at the same limits as the bodily injury liability policy limits, <u>unless</u> you reject or select lower limits as indicated below, but not less than the minimum limits required by statute ( . . . $35,000 each accident).
>
> . . .
>
> You may rejected Underinsured Motorists coverage by signing the written rejection form provided on page 5 attached hereto.
>
> Please make your selection below <u>only</u> if you wish to select . . . Underinsured Motorists coverage at limits lower than your bodily injury liability limits.

(Doc. 19-6.)

The options for reducing UIM coverage follow. There is an "X" in the box next to "Underinsured Motorists coverage at the minimum limits of . . . $35,000 each accident." (*Id.*) The box is empty next to the option allowing the insured to

select another amount for UIM coverage "greater than the minimum limits but less than the bodily injury liability policy limits." (*Id.*)

The owner of Leichtman signed the form as the named insured. The insurance company received the form on April 12, 2004.

On April 28, 2004, Pauline was involved in a motor vehicle accident in the course of his employment with Leichtman; he was driving a Leichtman vehicle insured by Travelers under the policy described above. Pauline sued several defendants as a result of the accident. That litigation settled. Pauline demanded UIM benefits from Travelers and Travelers tendered $35,000. Pauline refused the tender, claiming that he is entitled to $1 million. Travelers seeks a declaratory judgment that the limit of its liability under the policy is $35,000.[1]

### B.   Procedural History

This action was filed on March 21, 2007. Pauline filed a motion to dismiss for lack of subject matter jurisdiction, alleging that a necessary party had not been joined in an effort to shoehorn this case into federal court via diversity jurisdiction. (Doc. 4.) The motion was denied on August 8, 2007. (Doc. 10.) On January 21, 2008, both Travelers and Pauline filed motions for summary judgment, supporting briefs, and statements of undisputed fact. (Docs. 16-17, 19-22.) The cross motions have been fully briefed and are ripe for disposition.

---

[1] The amount in controversy is alleged to exceed $75,000. That amount, combined with complete diversity of citizenship between Plaintiff and Defendants, provides this court with subject matter jurisdiction over this case under 28 U.S.C. § 1332(a).

## II.       Legal Standard – Summary Judgment

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *accord Saldana v. Kmart Corp.*, 260 F.3d 228, 231-32 (3d Cir. 2001). Ordinarily when a court is presented with cross-motions for summary judgment, it should construe the motions independently, viewing the evidence presented by each moving party in the light most favorable to the nonmovant. *Raymond Proffitt Found. v. U.S. Envtl. Prot. Agency*, 930 F. Supp. 1088, 1096 (E.D. Pa. 1996). Because the evidence in this case does not conflict, there is no need to construe the motions independently. This court will evaluate the merits of the legal arguments made by both parties and will dispose of the case as a matter of law. *See Iberia Foods Corp. v. Romeo*, 150 F.3d 298, 302 (3d Cir. 1998).

## III.      Discussion

The Motor Vehicle Financial Responsibility Law ("MVFRL"), 75 Pa. Cons. Stat. Ann. §§ 1710-1799.7, governs automobile insurance transactions in the Commonwealth of Pennsylvania. An insurer is required to offer coverage for injuries and damages caused by underinsured motorists. § 1731(a). An insured is not required to carry such coverage, however. An insured may reject UIM coverage by way of a statutory form of waiver. *See* § 1731(c). If an insured does not reject UIM coverage, the default rule is that UIM coverage is equal to the amount of liability for bodily injury stated in the insurance policy. *Nationwide Ins. Co. v.*

*Resseguie*, 980 F.2d 226, 232 (3d Cir. 1992); *Transguard Ins. Co. of Am., Inc. v. Hinchey*, 464 F. Supp. 2d 425, 436-37, 436 n.8 (M.D. Pa. 2006). If an insured would like to reduce UIM coverage from the policy limit to a lesser amount, the insured must request the reduction in writing. 75 Pa. Cons. Stat. Ann. § 1734. There is no form prescribed for such a request, nor is there particular language that must be used, *see id.*; *Blood v. Old Guard Ins. Co.*, 934 A.2d 1218, 1226 (Pa. 2007), but Pennsylvania courts indicate that for the sake of clarity, the insured should sign the writing and include an "express designation of the amount of coverage requested." *Lewis v. Erie Ins. Exch.*, 793 A.2d 143, 153 (Pa. 2002); *accord Hartford Ins. Co. v. O'Mara*, 907 A.2d 589, 602-03 (Pa. Super. Ct. 2006) ("To comply with Section 1734, the language utilized need only convey an insured's desire to purchase . . . underinsured coverage in amounts less than or equal to bodily injury limits and the amount of the requested coverage.").

Here, there is no dispute that the request satisfies the requirements set forth by Pennsylvania law and precedent: it was in writing, signed by Leichtman, and stated that Leichtman wanted the UIM coverage reduced to $35,000. Pauline argues, however, that he is entitled to $1 million, the bodily injury liability limit on the policy. For support, he draws on the form's introductory text which provides that UIM coverage will be included in the insurance policy and such benefits will be equal to the bodily injury liability limit "unless you reject or select lower limits as indicated below, but *not less than the minimum limits required by statute* ( . . . $35,000 each accident)." (Doc. 19-6). Pauline contends that either 1) there are no "minimum limits" for UIM coverage in Pennsylvania, thus to the extent that the

form is contrary to law, it is void or 2) that a term that suggests statutory minimum coverage "unambiguously means equal to the liability limits." (Doc. 26 at 10.)

Pauline offers no legal citation in support of his first argument, thus he is deemed to waive it. He provides three cases to support his second argument. *See Fire & Cas. Ins. Co. of Conn. v. Ligon*, 86 F. App'x 517 (3d Cir. 2004); *Fire & Cas. Ins. Co. of Conn. v. Cook*, No. 02-8409, 2004 U.S. Dist. LEXIS 15407 (E.D. Pa. July 20, 2004); *Peele v. Atl. Express Transp. Group, Inc.*, 840 A.2d 1008 (Pa. Super Ct. 2003). In each case, an insurance document provided UIM coverage, but did not state a specific dollar amount for which UIM benefits would obtain. The documents guaranteed UIM coverage "as provided by statute" or other similar language. The statutes of Pennsylvania require that, unless a reduction in coverage is requested in writing by the named insured, the amount of UIM coverage equals the limit of liability provided in the underlying policy. Accordingly, in the absence of a specific dollar amount prescribing reduced coverage, each court held that the injured party was entitled to the amount equal to the liability limit of the policy itself.

The request for reduction at issue here is unlike the documents in the cited cases because it provides a specific dollar amount to which UIM benefits are reestablished. Leichtman checked the box next to the option mandating "coverage at the minimum limits of . . . $35,000 each accident." The instant request for reduction is closely akin to a request for reduction recently found valid by the Pennsylvania Superior Court in *O'Mara*:

> The form notifies the insured that "Uninsured and Underinsured Coverages are optional in Pennsylvania" and that the insured may reject such coverage. In the "Uninsured and Underinsured Motorist Coverage Selections" Section of the form, the language directs that the insured must "[u]se this sheet to select your coverage limits" and that the failure to make a selection indicates that his/her "policy will include limits equal to the Liability limits (unless [the

> insured] has returned the rejection form)". [*sic*] The sheet then provides two headings, "Uninsured Motorist Coverage limits" and "Underinsured Motorist Coverage limits", [*sic*] and three options underneath each of the headings. The first option permitted the insured to select the "Maximum amount available (an amount equal to the Liability Limits of [the] policy)." The second option permitted the insured to choose and specify an amount. The third option permitted the insured to select the "Minimum amount available ($15,000 per person/$30,000 per accident)." The form reveals a handwritten "X" next to the third option under both the uninsured and underinsured headings. Additionally, [one of two insureds] signed the bottom of this form. This form, viewed as a whole, indicates [the insured's] decision to select uninsured and underinsured coverage in an amount less than the amount of her liability limits, namely, $15,000 per person and $30,000 per accident.

907 A.2d at 603-04.

Reading the request form as a whole, the language in the introductory text stating that there was a statutory minimum for UIM coverage in 2004[2] does not create an ambiguity sufficient to reject the specific election made by Leichtman. The primary goal in interpreting an insurance document "is to ascertain the parties' intentions as manifested by the [document's] terms." *Kvaerner Metals Div. of Kvaerner U.S., Inc. v. Commercial Union Ins. Co.*, 908 A.2d 888, 897 (Pa. 2006). If the document language is clear and unambiguous, the court must give effect to that language. *Id.* When language is ambiguous, the policy must be construed in favor of the insured and against the insurer. *Id.* Here, the language is clear and unambiguous. Leichtman opted to reduce UIM coverage to $35,000. The course of dealing between Leichtman and Travelers demonstrates that intent. The policy was initially issued with $35,000 in UIM benefits. When Travelers corrected the declarations page to reflect the amount of UIM coverage required by law absent a

---

[2] The court's own research revealed that Pennsylvania law required mandatory minimums prior to 1990. *See* Act of Feb. 7, 1990,§ 9, 1990 Pa. Laws 27-28 (amending MVFRL to eliminate mandatory UIM coverage); *State Farm Mut. Auto. Ins. Co. v. Hughes*, 438 F. Supp. 2d 526, 532 (E.D. Pa. 2006).

written request for reduction of benefits, equal to $1 million, Leichtman requested a reduction to $35,000.

This sequence of events illustrates one of the compelling reasons that the Pennsylvania legislature opted to make UIM coverage optional, with no statutory minimums: cost containment. *See Pa. Nat'l Mut. Cas. Co. v. Black*, 916 A.2d 569, 580 (Pa. 2007); *Lewis v. Erie Ins. Exch.*, 793 A.2d 143, 150-51 (Pa. 2002). This court need not add to the description of the statutory evolution of this law as related by other courts. *See Black*, 916 A.2d at 580; *Lewis*, 793 A.2d at 149-51; *Hughes*, 438 F. Supp. 2d at 532-535. It suffices to say that the MVFRL, the same law in effect at the time Leichtman requested lower UIM coverage, "depart[s] from the principle of maximum feasible restoration that was embodied in [prior Pennsylvania law]." *Lewis*, 793 A.2d at 151. The court concedes that "one purpose of the uninsured motorist provisions . . . is to provide coverage to those injured by a tortfeasor who lacks adequate coverage," but according to the Pennsylvania Supreme Court, "this is not a public policy overriding every other consideration in contract construction." *Black*, 916 A.2d at 239 (quotation omitted). The MVFRL allows an insured to make a choice of paying higher premiums for more coverage, reducing both premiums and coverage, or eliminating UIM coverage altogether for even lower premiums. Here, Leichtman properly exercised that choice to reduce UIM coverage in the manner prescribed by Pennsylvania statutory law and precedent. The court cannot conclude that the intention of these contracting parties was to provide $1 million in coverage for UIM benefits. They intended to, and did successfully contract for, a reduction in benefits to $35,000.

## IV.       Conclusion

Travelers' motion for summary judgment will be granted and Pauline's motion for summary judgment will be denied.  The maximum UIM benefit under the Leichtman insurance policy is $35,000.  An appropriate order will follow.

                                           s/Sylvia H. Rambo
                                           SYLVIA H. RAMBO
                                           United States District Judge

Dated:  April 15, 2008.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**THE TRAVELERS INDEMNITY COMPANY,**

      **Plaintiff**

      v.

**JOHN J. PAULINE, JR., and LEICHTMAN ICE CREAM CO., INC.,**

      **Defendant**

: No. 1:07-CV-00538
:
: **JUDGE SYLVIA H. RAMBO**

## O R D E R

In accordance with the accompanying memorandum of law, **IT IS HEREBY ORDERED THAT**:

1) The motion for summary judgment filed by Plaintiff The Travelers Indemnity Company (Doc. 16) is **GRANTED**. The limit of underinsured motorists benefits available under the policy of insurance issued by The Travelers Indemnity Company to Leichtman's Ice Cream Company, Inc., as of the date of the motor vehicle accident involving John J. Pauline, Jr., is $35,000.

2) The motion for summary judgment filed by Defendant John J. Pauline, Jr., (Doc. 19) is **DENIED**.

3) The Clerk of court is directed to enter judgment for Plaintiff and against Defendants, and close the file for this case.

                                             s/Sylvia H. Rambo
                                             SYLVIA H. RAMBO
                                             United States District Judge

Dated: April 15, 2008.